**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X   Case No. 19-cv-08078

PIA BOWMAN, on behalf of herself individually
and all others similarly situated,

                                 Plaintiff,

                                                                       **CLASS ACTION**
          -against-                                 **COMPLAINT**

LVNV FUNDING LLC,

                                 Defendant.
------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

        1.      This is an action for damages brought by an individual consumer and on behalf of a class and subclass for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted debt alleged to be originally owed to GE Money Bank and incurred for personal, family or household purposes.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant's business is the collection of defaulted consumer debts.

9. Defendant acquires consumer debts after said debts have fallen into default.

10. Said debts are acquired after default for pennies on the dollar.

11. Defendant thereafter attempts to collect the full face value of said

debts from consumers.

12. Defendant attempts to collect the said debts from consumers either itself or through others.

13. Defendant uses the mails and the telephones in its business the principal purpose of which is the collection of defaulted consumer debts.

14. Upon information and belief, defendant is a foreign limited liability company incorporated in Delaware.

## FACTUAL ALLEGATIONS

15. Plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

16. In or around late October 2018, plaintiff received a notice of garnishment from a Marshal of the City of New York.

17. Said notice of garnishment stated that the judgment creditor was GE Money Bank.

18. Said notice of garnishment also stated that the judgment debtor was plaintiff.

19. Said notice of garnishment further stated that the judgment debt was in the amount of $813.18.

20. According to the notice of garnishment, when "poundage", "expense" and "interest" were added to the judgment, the total due from plaintiff was $1,881.18.

21. Plaintiff did not know who or what GE Money Bank was or is.

22. To her knowledge, plaintiff had never signed a contract with GE Money Bank.

23. Plaintiff did not know that GE Money Bank held a judgment against her.

24. Plaintiff was never served with a lawsuit by GE Money Bank.

25. Plaintiff was not aware that she had been sued by GE Money Bank.

26. By the notice of garnishment, the Marshal directed plaintiff to pay the judgment failing which, her wages would be garnished to satisfy the judgment.

27. In or around October 2018, defendant directed the Marshal to issue the notice of garnishment to plaintiff.

28. In or around October 2018, defendant, through its attorneys Kirschenbaum & Phillips, P.C., directed the Marshal to issue the notice of garnishment to plaintiff.

29. In or around October 2018, defendant informed the Marshal that plaintiff owed a money judgment that could be executed upon.

30. In or around October 2018, defendant, through its attorneys Kirschenbaum & Phillips, P.C., informed the Marshal that plaintiff owed a money judgment that could be executed upon.

31. In fact, in December 2018, plaintiff's wages were garnished.

32. Defendant began garnishing plaintiff's wages in December 2018.

33. Defendant directed the Marshal to garnish plaintiff's

wages.

34. Plaintiff was unable to provide for herself, her young child and family at Christmastime as a result of defendant's garnishment of her wages.

35. Defendant never informed plaintiff that GE Money Bank had assigned the judgment debt to defendant.

36. No entity ever informed plaintiff that GE Money Bank had assigned the judgment debt to defendant.

37. Defendant never informed plaintiff that the judgment debt had been assigned to defendant.

38. No entity ever informed plaintiff that the judgment debt had been assigned to defendant.

39. Defendant never provided to plaintiff a notice of assignment of the judgment.

40. No entity ever provided to plaintiff a notice of assignment of the judgment.

41. In fact, GE Money Bank never assigned the judgment debt to defendant.

42. Plaintiff demands proof from defendant that defendant was assigned the judgment debt by GE Money Bank, or at all.

43. In any event, defendant was not entitled to garnish plaintiff's wages or otherwise execute upon the judgment until and unless plaintiff was first provided with notice of assignment of the judgment debt to defendant.

44. Due to defendant's continued garnishment of plaintiff's wages, defendant forced plaintiff to seek legal advice and representation.

45. Defendant, through its counsel Kirschenbaum & Phillips, P.C., refused to provide plaintiff's counsel with any information concerning the alleged GE Money Bank debt for which defendant was garnishing plaintiff.

46. In or around February 2019, with the aid of legal counsel, plaintiff was finally able to obtain vacatur of the judgment and dismissal of the action in the Civil Court of the City of New York, County of New York.

47. At no time during those Court proceedings did defendant inform the Court that the judgment had been assigned to defendant.

48. At no time during those Court proceedings did defendant file with the Court a notice of assignment of the judgment.

49. By its conduct in garnishing plaintiff's wages without plaintiff first being provided with notice of assignment of the judgment and also in informing the City Marshal that plaintiff owed a judgment debt which was capable of being executed upon, defendant caused plaintiff fear, emotional anxiety, distress, stress, irritation, unhappiness, loss of sleep, loss of enjoyment of life, and loss of time, effort and the value of money.

AS AND FOR A FIRST CAUSE OF ACTION

*Improper failure to serve plaintiff with notice of assignment of judgment*

15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(4)

50. Plaintiff re-alleges paragraphs 1-49 as if fully re-stated herein.

51. No entity ever provided plaintiff with notice of assignment of the GE Money Bank judgment.

52. Defendant never provided plaintiff with notice of assignment of the GE Money Bank judgment.

53. No entity ever provided plaintiff with notice of assignment of the GE Money Bank judgment before defendant caused the City Marshal to serve her with a notice of garnishment of her wages.

54. No entity ever provided plaintiff with notice of assignment of the GE Money Bank judgment before defendant garnished plaintiff's wages.

55. Defendant was not entitled to obtain execution of the judgment until and unless plaintiff was first provided with notice of assignment of the judgment to defendant.

56. Defendant's causing the City Marshal to send a notice of garnishment to plaintiff and defendant's garnishment of plaintiff's wages without plaintiff first being provided notice of assignment of the judgment was a false, deceptive and misleading means used by defendant in its attempt to collect the debt, in contravention of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Defendant's causing the City Marshal to send a notice of garnishment to plaintiff and defendant's garnishment of plaintiff's wages without plaintiff first being provided notice of assignment of the judgment was a false representation by defendant of the character and legal status of the alleged judgment debt, in contravention of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2)(A).

58. Defendant's causing the City Marshal to send a notice of garnishment to plaintiff and defendant's garnishment of plaintiff's wages without plaintiff first being provided notice of assignment of the judgment was a representation by defendant that non-payment of the debt would result in seizure, garnishment or

attachment of plaintiff's wages when such action was not lawful because plaintiff had not first been provided with notice of assignment of the judgment, in contravention of the FDCPA, including but not limited to 15 U.S.C. § 1692e(4).

AS AND FOR A SECOND CAUSE OF ACTION

*Improper representation to City Marshal that judgment should be executed*

15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(4)

59. Plaintiff re-alleges paragraphs 1-58 as if fully re-stated herein.

60. Defendant represented to the City Marshal that the judgment was capable of being executed upon against plaintiff's wages when such execution was not lawful because plaintiff had not been provided with notice of assignment of the judgment.

61. Defendant's said false representation to the City Marshal constituted a false, deceptive and misleading representation and means used by defendant in its attempt to collect the debt, in contravention of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Defendant's said false representation to the City Marshal also constituted a false representation by defendant of the character and legal status of the alleged judgment debt, in contravention of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2)(A).

63. Defendant's said false representation to the City Marshal further constituted a false representation that non-payment of the debt would result in seizure, garnishment or attachment of plaintiff's wages when such action was not lawful because plaintiff had not first been provided with notice of assignment of the judgment, in contravention of the FDCPA, including but not limited to 15 U.S.C. § 1692e(4).

## CLASS ALLEGATIONS

64. Plaintiff re-alleges paragraphs 1-63 as if fully re-stated herein.

65. This action is brought on behalf of plaintiff and the members of a class and subclass.

66. The class consists of all persons who defendant's records reflect were sent notice of garnishment by a Marshal of the City of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint (a) where defendant directed the Marshal to send to such persons notice of garnishment concerning a judgment of which the original judgment creditor was GE Money Bank; and (b) such persons were not first provided with notice of assignment of the judgment to defendant by GE Money Bank. The class does not include defendant or persons who are officers, directors or employees of defendant.

67. The class shall be defined as follows:

> *All natural persons with addresses within the City of New York to whom, at defendant's direction, a Marshal of the City of New York sent a notice of garnishment concerning a judgment of which the original creditor was GE Money Bank and where such persons were not first provided with notice of the assignment of the judgment to defendant by GE Money Bank, within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint.*

68. The subclass consists of all persons with addresses within the County of New York who defendant's records reflect were sent notice of garnishment by a Marshal of the City of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint (a) where defendant directed the Marshal to send to such persons notice of garnishment concerning a judgment of which the original judgment creditor was GE Money Bank; and (b) such persons were not first provided with notice of assignment of the judgment to defendant by GE Money Bank. The class does not include defendant or persons who are officers, directors or employees of defendant.

69. The subclass shall be defined as follows:

*All natural persons with addresses within the County of New York, State of New York to whom, at defendant's direction, a Marshal of the City of New York sent a notice of garnishment concerning a judgment of which the original creditor was GE Money Bank and where such persons were not first provided with notice of the assignment of the judgment to defendant by GE Money Bank, within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint.*

70. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) The class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received notices of garnishment in circumstances similar to those under which plaintiff received the notice of garnishment that defendant caused the Marshal to send to plaintiff.

(B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by causing the Marshal to send to consumers notice of garnishment of their wages without such consumers first being provided with notice of assignment of judgment, in violation of the FDCPA, §§ 1692e, 1692e(2)(A) and 1692e(4).

(C) The only individual issue is the identification of the consumers who received the garnishment notices (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the classes.

71. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

72. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

73. As a result of the above violations, defendant is liable to plaintiff and the members of the classes for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       August 28, 2019.

                                        _/s/ Novlette R. Kidd_____
                                        NOVLETTE R. KIDD, ESQ. (NK 9339)
                                        FAGENSON & PUGLISI, PLLC
                                        Attorneys for Plaintiff
                                        450 Seventh Avenue, Suite 704
                                        New York, New York 10123
                                        Telephone: (212) 268-2128
                                        Nkidd@fagensonpuglisi.com